UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY ) <br> a/s/o MIKEONE EK ROANOKE, LLC ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v.   ) <br>   ) <br> WELLS FARGO BANK, N.A. ) <br>   ) <br> Serve: R/A: Corporation Service Company ) <br>   100 Shockoe Slip, Fl. 2 ) <br>   Richmond, Virginia 23219 ) <br>   ) <br> Defendant. ) <br>   ) | Case Number  7:23cv00045 |

## COMPLAINT

COMES NOW Continental Casualty Company ("Continental"), as subrogee of Mikeone EK Roanoke, LLC, by and through counsel, and for its complaint against the defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows:

### PARTIES

1. Continental is a corporation organized under the laws of the state of Illinois, with its principal office located at 151 N. Franklin St., Chicago, IL 60606.

2. Wells Fargo is a corporation organized under the laws of the state of Delaware, with its principal office located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57014.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy is exceeds $75,000, exclusive of interests and costs.

1

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the property that is the subject of the action and substantial part of the events giving rise to the claim are in this district.

**FACTS**

5. Continental brings this action as subrogree of its insured, Mikeone EK Roanoke, LLC ("Mikeone"), pursuant to §38.2-207 of the Virginia Code (1950), as amended and the provisions of the insurance policy ("Continental Policy") issued by Continental to Mikeone, to recover certain monies paid by Continental for the benefit of Mikeone under the Continental Policy.

6. Mikeone owns the property located at 7711 Plantation Road, Roanoke, Virginia 24019 (the "Property").

7. On September 22, 2004, First States Investors 3300, LLC and Wachovia Bank, National Association ("Wachovia") entered into a lease agreement (the "Lease"), whereby Wachovia would lease the entire building located at the Property. A copy of the Lease is attached hereto as Exhibit 1.

8. Mikeone purchased the Property and as successor owner is the successor-in-interest of First States Investors 3300, LLC as Landlord under the Lease and assumed all rights and responsibilities of First States Investors 3300, LLC as Landlord under the Lease.

9. Wells Fargo is the successor-in-interest of Wachovia and assumed all rights and responsibilities of Wachovia as Tenant under the Lease.

10. Under the terms of the Lease, Wells Fargo was responsible for the maintenance and/or repairs of the elevators in the building at the Property.

11. Additionally, pursuant to Section 6.6 of the Lease, Wells Fargo agrees to indemnify Mikeone for any claims, demands, causes of actions, costs, or expenses (including reasonable

attorney's fees) brought against Mikeone that were caused by the willful misconduct or negligent act or omission of Wells Fargo.

12. On or about January 29, 2020, Corinna Dunn walked into an elevator at the Property. As she was walking into the elevator, the doors began to close spontaneously and she jumped back, but her right arm was caught in the door and crushed, causing her to suffer significant injuries.

13. Ms. Dunn subsequently filed a lawsuit (the "Lawsuit") against Mikeone for her injuries in the Roanoke County Circuit Court.

14. Wells Fargo breached the terms of the Lease by failing to properly maintain and/or repair the elevators in the building at the Property and by failing to exercise reasonable care with respect to the elevators.

15. Pursuant to the Continental Policy, Continental has made payments to Ms. Dunn on Mikeone's behalf relating to Ms. Dunn's injuries and to settle the Lawsuit and accordingly, is subrogated to the rights of Mikeone against Wells Fargo.

## COUNT I- EXPRESS INDEMNIFICATION

16. Continental incorporates Paragraphs 1-15 of the Complaint as though fully set forth herein.

17. Wells Fargo was negligent in failing to properly maintain the elevators in the building at the Property, failing to exercise the same degree of care that would be exercised by a reasonable tenant in its possession with respect to the elevators, failing to warn about the potential dangers of the elevators, and in other manners not yet known.

18. Under the terms of the Lease, Wells Fargo agreed to expressly indemnify Mikeone for any claims, demands, causes of actions, costs, or expenses (including reasonable attorney's

fees) brought against Mikeone that were caused by the willful misconduct or negligent act or omission of Wells Fargo.

19. Accordingly, Wells Fargo owes a duty of full indemnification to Continental as subrogree for Mikeone under the Lease.

20. As a direct result of Wells Fargo's negligence, Continental paid $700,000.00 to resolve Ms. Dunn's claims against Mikeone.

21. Additionally, Continental has expended $67,090.47 in attorney's fees defending the Lawsuit, as well as $42,548.91 in costs.

22. Continental is also seeking its attorney's fees incurred in this lawsuit pursuant to Sections 6.6 and/or 7.4 of the Lease.

WHEREFORE, Continental requests that this Court enter judgment against defendant Wells Fargo Bank, N.A. in the amount of $809,639.38, award it the reasonable attorney's fees it incurs in this litigation, costs, and for any additional relief that this Court deems just and proper.

### COUNT II- BREACH OF CONTRACT

23. Continental incorporates Paragraphs 1-15 as though fully set forth herein.

24. Under the terms of the Lease, Wells Fargo had the obligation to properly maintain and/or repair the elevators at the Property.

25. Wells Fargo breached that obligation by failing to properly maintain and/or repair the elevators, which directly resulted in the injuries sustained by Ms. Dunn.

26. As a direct result of Wells Fargo's breach, Continental paid $700,000.00 to resolve Ms. Dunn's claims against Mikeone.

27. Pursuant to §38.2-207 of the Virginia Code (1950), as amended, Continental has the right of subrogation to enforce Mikeone's rights under the Lease.

28. Additionally, Continental has expended $67,090.47 in attorney's fees defending the Lawsuit, as well as $42,548.91 in costs.

29. Continental is also seeking its attorney's fees incurred in this lawsuit pursuant to Section 7.4 of the Lease.

WHEREFORE, Continental requests that this Court enter judgment against defendant Wells Fargo Bank, N.A. in the amount of $809,639.38, award it the reasonable attorney's fees it incurs in this litigation, costs, and for any additional relief that this Court deems just and proper.

DATE:  January 20, 2023

Respectfully submitted,

CONTINENTAL CASUALTY COMPANY
a/s/o Mikeone EK Roanoke, LLC
By Counsel


/s/ Michael J. Smith
Michael J. Smith (VSB No. 75451)
Kiernan Trebach LLP
1233 20th Street, NW, Suite 800
Washington, DC  20036
(202) 712-7000
(202) 712-7100 (facsimile)
mjsmith.dc@kiernantrebach.com
Counsel for Plaintiff